READ v. HALL.

*Married woman's contract.*

The defendant, a married woman, induced the plaintiffs to sell goods to her, by representing that she was the owner of a check for $100, out of which she promised to pay for the goods when delivered. The goods were delivered, and she refused to pay. *Held*, that she was estopped to deny that she was the owner of the $100 check; and judgment was rendered against her personally for the damages recovered.

FROM HILLSBOROUGH CIRCUIT COURT.

ASSUMPSIT, to recover $65.07, being the amount due the plaintiffs for a carpet and rug sold by them to the defendant. Plea, the general issue, with a brief statement alleging that the defendant is the wife of R. P. Hall, and was at the time of the purchase of said goods.

The plaintiffs introduced evidence tending to show that, on January 25, 1875, the defendant purchased of the plaintiffs the goods mentioned in the specification ; that, at the time the purchase was made, she took from her pocket an envelope, in which she said she had a check for $100 which belonged to her, out of which she said she would pay for said goods upon delivery. Thereupon the plaintiffs, relying solely upon the promise and the faith of said check, sold said goods, and charged her for the same upon their books at the time of the purchase. The carpet was made up by the plaintiffs according to agreement, and the goods delivered to the defendant, the plaintiffs sending with the goods the difference in cash between the amount of their bill and said check. She received the goods, but refused to pay for them. At the time of the purchase, and before and after, the defendant was the wife of R. P. Hall, then living, and the parties kept house together in Nashua.

. The court directed a verdict for the plaintiffs for the amount of the

account, and interest from the date of the writ, which the defendant moves may be set aside and a new trial granted, for supposed error in the foregoing ruling.

Transferred by STANLEY, J., C. C.

*Stevens & Parker*, for the plaintiffs.

*Sawyer & Sawyer, Jr.*, for the defendant.

SMITH, J. The defendant is estopped to deny that she had a check for $100. The contract, then, was a contract in respect to that $100; and, according to *Hammond* v. *Corbett*, 51 N. H. 311, she is liable. In view of recent legislation (ch. 32, Acts of 1876—2 Sess. Laws 580), we do not feel called upon to overrule that case, or to question the soundness of that decision. The court probably went to the extreme verge in that case, in the construction of the statute of 1867 (Gen. Stats., ch. 164, sec. 13), of which it was capable.

CUSHING, C. J., and LADD, J., concurred.

*Judgment on the verdict.*